# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:20-CR-00180-RP** |
| | § | |
| **(1) MERLE REINE,** | § | |
| *Defendant* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.     BACKGROUND

Reine pleaded guilty to Count 1 of his Indictment, which charged him with travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. §§ 2423(b), 2428. *See United States v. Reine*, No. 3:15-CR-00576, Dkt. 43 (S.D. Cal. Apr. 4, 2016). The Court sentenced Reine to a term of 78 months of imprisonment, followed by 7 years of supervised release. *Id.*

Reine is before this Court pursuant to the U.S. Probation Office's Petition for Warrant or Summons for Offender Under Supervision, which alleges violations of the

terms of his supervised release. Dkt. 2. In particular, the petition alleges violations of the special condition requiring him to "participate in a sex offense-specific treatment program and submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or the treatment program." *Id.* The petition alleges he violated this condition by failing to meaningfully participate in the program, for not complying with the program's rules and regulations, and for having a poor disposition toward the treatment sessions. *Id.* The petition also alleged he violated the special condition prohibiting his access to the internet except for reasons approved in advance by USPO. *Id.* The petition states that despite being admonished about an earlier noncompliance, that in a visit to USPO in early August 2022, Reine was found to have continued to violate it, as recently as days before his meeting with USPO. *Id.* In response to the petition, the undersigned signed a warrant for Reine's arrest. Dkt. 3 (signed September 6, 2022). Reine was arrested on September 27, 2022.

The undersigned held a hearing on October 31, 2022. Present at the hearing were Reine, represented by Assistant Federal Public Defender Jose Gonzalez-Falla; Assistant U.S. Attorney Keith Henneke; and Reine's probation officer, USPO Brian Smith. At the hearing on USPO's petition, Reine waived his right to a preliminary hearing and pleaded true to the conduct and violations alleged in the petition. The undersigned accepted Reine's plea of true. At the hearing, the Government largely deferred to USPO's recommendation regarding the appropriate disposition of Reine's petition. USPO advised the undersigned that the guideline range of imprisonment

for Reine's violation was 4-10 months. USPO recommended a term of 8 months' imprisonment, followed by reimposition of 7 years' supervised release. Reine's attorney argued that an additional term of imprisonment was unnecessary, and that supervised release should either be terminated or, if reimposed, should not include the conditions limiting Reine's ability to interact with his minor children and should eliminate the requirement that he participate in sex-offender therapy. Reine himself offered an allocution at the hearing, largely reiterating his attorney's arguments.

## II.      RECOMMENDATION

Based on the parties' filings and the arguments and evidence from the hearing on USPO's petition, the undersigned **RECOMMENDS** that the District Court find that Reine is in violation of his term of supervised release and take into consideration the policy statements in Chapter Seven as formulated by the U.S. Sentencing Commission.

The undersigned further **RECOMMENDS** that the District Court find that the most serious violation is a Grade C, and the Criminal History Category is II. Based on those findings, the undersigned recommends that Reine be ordered committed to the custody of the Bureau of Prisons to serve a term of imprisonment of **TIME SERVED**, with reimposition of **7 YEARS'** supervised release to follow.

Regarding the conditions of Reine's supervised release, the undersigned further **RECOMMENDS** that the District Court should follow the recommendations of the USPO with one exception: the undersigned recommends that the District Court reject USPO's recommendation that Reine "not have direct contact with any child the

3

defendant knows or reasonably should know to be under the age of 18, *including his/her own children*, without the permission of the probation officer." While the undersigned agrees that the suggested condition is appropriate to the extent it applies to minors who are not Reine's own children, the undersigned agrees with Reine that he does not pose a risk to his own children, and thus the undersigned would remove the phrase "including his/her own children" from the condition imposed.

### III.    WARNINGS

At the hearing, in order to expedite the District Court's consideration of this report and recommendation, the parties jointly tendered a waiver of the 14-day objection period to the undersigned's report and recommendation. The undersigned, therefore, does not anticipate that objections will be filed. Nonetheless, out of an abundance of caution, the undersigned provides the parties with the following warning:

The parties may file objections to this report and recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the report and,

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 31, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE